FILED

JAN 0 8 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT NEET, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 07-1591-PK |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

RORY LINERUD
PO Box 1105
Salem, Oregon 97308

     Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITTANA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

DAVID J. BURDETT
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

 Attorneys for Defendant

Papak, Magistrate Judge:

 Plaintiff Robert Neet ("Neet") seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits under Titles II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. § 405(g).

 For the following reasons, I recommend the Commissioner's decision be reversed and remanded for further proceedings consistent with these Findings and Recommendation.

## BACKGROUND

 Born in 1964 (tr. 75[1]), Neet completed high school. Tr. 92. Neet reports work as a roofer and carpenter between 1990 and December 31, 2000. Tr. 88.

 Neet applied for Disability Insurance Benefits and Supplemental Security Income on March 10, 2004 (tr. 77), alleging disability since December 31, 2000. Tr. 88. Neet initially alleged disability due to alcoholism, seizures, asthma, and pancreatitis. Tr. 87. The Commissioner denied Neet's applications initially and upon reconsideration. Tr. 62-71.[2] An ALJ held a hearing on September 1, 2005, Tr. 989-1008, and subsequently found Neet disabled as of June 1, 2005, but not before that date. Tr. 30, resulting in a partially favorable decision for Neet. The Appeals Council

---

 [1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #8).

 [2]The record before this court references the Commissioner's SSI determination (tr. 5) but does not include it.

2 - FINDINGS AND RECOMMENDATION

accepted additional medical evidence into the record but denied Neet's request for reconsideration. Tr. 7-20.   The ALJ's decision. thus, became final on August 30, 2007.  Tr. 7. Neet subsequently filed this action challenging the decision only as to his Disability Insurance Benefits claim.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act.  20 C.F.R. § 404.1520; 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.1520(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii).  If the claimant does not have such a severe impairment, he is not disabled.  *Id.*

At step three, the ALJ determines whether the severe impairment medically meets or equals a "listed" impairment in the regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  This evaluation includes assessment of the claimant's statements regarding her impairments.   20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3).  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments.  20 C.F.R. §§ 404.1520(e), 404.920(e), Social Security Ruling ("SSR") 96-8p.

3 - FINDINGS AND RECOMMENDATION

The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant can perform her past relevant work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); 416.920(a)(4)(v); 416.920(f). If the claimant cannot perform such work, he is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g); 416.966; 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found Neet's multiple sclerosis, "rule out" borderline personality disorder diagnosis, developmental and learning disorders, and chronic alcoholism "severe" at step two in the sequential proceedings. Tr. 25. At step three, the ALJ found that Neet's multiple sclerosis met Listing 11.09A, and "by reference" met Listing 11.09B on and after June 1, 2005. Tr. 26.

Regarding Neet's credibility, the ALJ found that "there is ample reason to be cautious accepting the claimant's allegations at all material times prior to June 1, 2005." Tr. 28. The ALJ evaluated Neet's RFC prior to June 1, 2005 as follows:

4 - FINDINGS AND RECOMMENDATION

> [Neet retains the ability to] perform simple tasks without special supervision but with inability to formulate independently his own work goals and plans, to interact with the public or to interact closely with coworkers.  His history of alcohol-related seizures precludes work around dangerous hazards.

Tr. 27.  The ALJ subsequently found that, prior to June 1, 2005, Neet could perform work that exists in significant numbers in the regional and national economy.  Tr. 30.  The ALJ therefore found Neet not disabled at any time prior to June 1, 2005, and disabled on and after that date.  Tr. 26, 30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).  The reviewing court may not substitute its judgment for that of the Commissioner.  *Id.*; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Thus, where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld, even where the evidence can support either affirming or reversing the ALJ's conclusion.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  However, the reviewing court must consider the entire record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

## DISCUSSION

Neet's primary claim is that the ALJ failed to develop the record regarding his psychological

impairments and, thus, proffered incomplete questions to the vocational expert as to the period prior to June 1, 2005. Based on those alleged errors, Neet challenges the ALJ's conclusion at step five that he could perform work existing in the regional and national economy.

### A.    Examining Psychologist Dr. McConochie

Neet first argues, at some length, that the ALJ should have recontacted examining psychologist Dr. McConochie.   The ALJ is not required to recontact an examining physician. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).   The regulations require an ALJ to recontact a treating physician , 20 C.F.R. §§ 404.1512(e); 416.912(e), when the evidence from the treating medical soource is inadequate to make a determination as to the claimant's credibility. *Thomas*, 278 F.3d at 958.  Neet's argument  therefore fails, and this court need not address further assertions that the ALJ should have recontacted Dr. McConochie.

### B.    DDS Reviewing Psychologists

Neet also contends that the ALJ erroneously relied upon Disability Determination Services's ("DDS") reviewing psychologists because the DDS psychologists identified no mental disorders in their assessment of Neet.  Pl.'s Opening Br. 11.  Neet contends this omission supports his assertion that the ALJ failed to develop the record.

Contrary to Neet's assertion, DDS psychologists clearly identified a mental disorder, Neet's alcohol dependence.  Tr. 249, 257.  No authority directs the ALJ to develop the record regarding DDS reviewing physician opinions.  Neet's argument that the ALJ's reliance upon DDS physicians constitutes reversible error fails.

///

C.      **Development of the Record Regarding Onset Date**

Finally, Neet contends that Dr. McConochie's report alerted the ALJ to Neet's psychological diagnoses, and that the ALJ should have secured more information regarding these diagnoses as they relate to the period prior to June 1, 2005. Pl.'s Opening Br. 9. The Commissioner contends that the ALJ adequately addressed Dr. McConochie's opinion and that further development is unnecessary. Def.'s Br. 6. The Commissioner offers no further discussion of the remaining medical record in defense of the ALJ's decision.

The burden of establishing disability remains upon the claimant. *Yuckert*, 482 U.S. at 146; *Bayliss*, 427 F.3d at 1217 (citing *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)). However, the ALJ is not a "mere umpire," *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1991), and the ALJ has a duty to develop the record when evidence is insufficient or when ambiguities arise. *Bayliss*, 427 F.3d at 1217. In *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998), the Ninth Circuit specifically ordered an ALJ to call a medical expert when ambiguities arose concerning the disability onset date for a claimant who was determined to be disabled.

This court must determine whether the ALJ provided a convincing rationale for selecting June 1, 2005, as the onset date of Neet's disability. The ALJ's finding that Neet was disabled on that date cites "exhibit 15F" only. Tr. 26. Exhibit 15F refers to seventy-four pages of the record, encompassing treatment between February 24, 2005, and September 27, 2005, at Sacred Heart Medical Center and another clinic identified only as "South Clinic." Tr. 294-366. The ALJ's general reference to this exhibit provides no convincing rationale for selecting the June 1, 2005, onset date.

The ALJ subsequently discussed broader portions of the medical record in his assessment of

Neet's "mental residual functional capacity" prior to June 1, 2005. Tr. 27-28. However, the ALJ failed to discuss any portion of the medical record relating to Neet's physical, rather than mental, condition. *Id.* The ALJ's limited reference to Neet's mental health treatment does not account for the progressive nature of Neet's multiple sclerosis and whether any of Neet's mental health symptoms might be attributable to his multiple sclerosis. This is relevant because multiple sclerosis is "a progressive disease . . . Later in the course of the disease there may be extreme emotional lability." Kenneth N. Anderson et al. eds., *Mosby's Medical, Nursing, & Allied Health Dictionary* ( 5th ed. 1998). Furthermore, "the diagnosis of [multiple sclerosis] is difficult to make. A history of exacerbation and remission of symptoms . . . [is] characteristic." *Id.*

The Commissioner has issued specific guidelines for identifying the onset date of such progressive diseases. SSR 83-20 at *2 (available at 1983 WL 31249). The Commissioner emphasizes, "Particularly in the case of slowly progressive impairments, *it is not necessary for an impairment to have reached listing severity* (i.e. to be decided on medical grounds alone) *before onset can be established.* In such cases, consideration of vocational factors can contribute to the determination of when the disability began." *Id.* (emphasis added). The Commissioner offers specific instructions for inferring the onset date of a progressive disease:

> When an onset date is inferred from the medical evidence, the available medical evidence should be considered in view of the nature of the impairment (i.e. what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to concluded from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

*Id.* at *3.

8 - FINDINGS AND RECOMMENDATION

The ALJ's onset date must be adequately supported in light of this standard. *Armstrong*, 160 F.3d at 589. The ALJ's citation to "exhibit 15" and his subsequent discussion of Neet's mental health treatment does not constitute sufficient explanation for selecting June 1, 2005, as an onset date for Neet's multiple sclerosis.

In making an onset date determination in this circumstance the ALJ has an obligation to call a medical expert. *Id.* at 590. Further proceedings are therefore necessary, and this court need not presently evaluate objections to the vocational expert's testimony at step five in the sequential analysis.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d at 1172, 1178 (9th Cir. 2000) (*cert. denied*, 531 U.S. 1038 (2000)). The issue turns on the utility of further proceedings.

Here, the ALJ failed to develop the record regarding Neet's onset date. In such instances, award of benefits is inappropriate. *Armstrong*, 160 F.3d at 590-91 (remanding and instructing the ALJ to call a medical expert); *Harman*, 211 F.3d at 1180 (remanding for further proceedings when the record does not support an immediate finding of disability). The matter must be remanded for further proceedings to obtain medical expert testimony regarding the onset of Neet's disabling conditions. The ALJ must then revise his RFC analysis, if necessary, and apply the correct medical-vocational guideline or obtain vocational expert testimony regarding Neet's workplace limitations prior to June 1, 2005. Finally, the ALJ must make adequate step four and five findings incorporating the indicated testimony.

///

9 - FINDINGS AND RECOMMENDATION

## CONCLUSION

In summary, this court finds that the ALJ did not adequately support his finding that Neet did not suffer from a disabling condition prior to June 1, 2005. The Commissioner's decision must be reversed and remanded for further proceedings consistent with these Findings and Recommendation.

## RECOMMENDATION

The Commissioner's decision that Neet did not suffer from disability and is not entitled to benefits under Titles II of the Social Security Act is not based upon correct legal standards or supported by substantial evidence. The Commissioner's decision should be REVERSED and REMANDED for further proceedings.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due January 23, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after those objections are filed and the review of the Findings and Recommendation will go under advisement with the District Judge on that date.

IT IS SO ORDERED.

DATED this 8th day of January, 2009.

Paul Papak
United States Magistrate Judge